## HEMPSTEAD *et al. v.* CADWALADER, Collector.

*(Circuit Court, E. D. Pennsylvania.* April 7, 1890.)

CUSTOMS DUTIES—ENTRY WITHOUT INVOICE—STORAGE CHARGES.

 Where merchandise is entered by appraisement without invoice, and the entry is incomplete for want of particulars, and is taken into the custody of the collector of the port and conveyed to a warehouse, the charges for storage and labor are legal.

At Law.

This suit was brought to recover charges for cartage, storage, and labor, alleged to have been improperly collected by the collector upon certain importations of merchandise under the following circumstances: Goods were brought to the port of Philadelphia, and entry made for immediate consumption, together with an application under Rev. St. § 2859, (article 328, General Customs Regulations of 1884,) under oath to enter

dutiable goods of less than $100 in value by appraisement, and also the affidavit that no invoice had been received of the merchandise described in the application. The goods were sent to the appraiser's store, and there kept,until the appraisement was made and the entry completed; the charges were accordingly made for the labor of hauling, the storage to be paid by the importer. A protest was filed that under Rev. St. §§ 2859, 2926, it is provided that imported merchandise may be entered by appraisement without invoice, and that, under sections 2789, 2926, 2963, merchandise, the entry of which may be incomplete for want of particulars, should be taken into the custody of the collector of the port, and conveyed to some warehouse or store-house, and there remain until the particulars were ascertained by exhibition of original invoice or by appraisement. It was claimed in the protest that no charges could be exacted by the collector except when incurred for the storage of merchandise awaiting appraisement or invoice, and that they were not chargeable where the merchandise was sent to the United States public store for appraisement purposes only, inasmuch as under Rev. St. § 2955 that place was for appraisement purposes only, and not for the storage of the goods.

*F. P. Prichard,* for plaintiffs.

*W. W. Carr,* Asst. U. S. Atty., and *John R. Read,* U. S. Atty., for defendant.

The court, (BUTLER, J.,) after the counsel for the plaintiff had presented his case, suggested that its view of the law was against the contention of plaintiff; a voluntary nonsuit was suffered.